### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-21145-GAYLES

**NATHANIEL WAUGH, MARCUS WAUGH,
and VERLEY WAUGH,**
                         **Plaintiffs,**

         **v.**

**SARASOTA COUNTY SHERIFF OFFICE,**
                         **Defendant.**
_____/

### ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Nathaniel Waugh ("Nathaniel"), appearing *pro se*,[1] filed a Complaint in this action on March 28, 2017 [ECF No. 1]. Because Nathaniel has moved for leave to proceed *in forma pauperis* [ECF No. 4], the screening provisions of 28 U.S.C. § 1915 are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

"The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply" to a dismissal under Section 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1319-20 (11th Cir. 2008). Under those standards, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual

---

[1] While the caption names Nathaniel Waugh, Marcus Waugh, and Verley Waugh as Plaintiffs in this action, Nathaniel alone has signed both the Complaint and the Motion for Leave to Proceed *in forma pauperis*. As a *pro se* litigant, Nathaniel cannot prosecute any claims in federal court on behalf of other persons. *See Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) ("[O]nly licensed lawyers may represent others in court."); *see also* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases **personally** or by counsel . . . ." (emphasis added)). Thus, to the extent the Complaint alleges any claim or claims on behalf of Marcus Waugh or Verley Waugh, those claims are dismissed.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall*, 610 F.3d 701. At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

According to the Complaint, Nathaniel brings a claim against Defendant Sarasota County Sheriff's Office pursuant to 42 U.S.C. § 1983. From the Court's review of the Complaint, the only factual allegation that could possibly give rise to such a claim is the allegation that Nathaniel was somehow subjected to what he terms an "unconstitutional arrest [and] confinement" on or around January 18, 2016. Compl. at 2. As an initial matter, this allegation is merely a legal conclusion, un-supported by facts, which the Court is not required to accept. Apart from that, in no way would this single allegation give the Defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). For this reason, the Court concludes

2

that the Complaint fails to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is therefore

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)     the Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**;

(2)     the Motion to Proceed *in forma pauperis* [ECF No. 4] is **DENIED**; Plaintiff Nathaniel Waugh may refile the motion if he chooses to amend his Complaint; and

(3)     Plaintiff Nathaniel Waugh shall have leave to amend his Complaint. If he chooses to do so, he must separate his claims into counts, with appropriate headings indicating the cause of action. Below each heading, he shall assert, either expressly or inferentially, the elements applicable to the cause of action, the facts giving rise to the claim, and any relevant statutes. He shall number the paragraphs of his complaint sequentially. Such amended complaint must be filed no later than **April 28, 2017**. If he fails to do so, the Court shall dismiss his Complaint ***with prejudice***.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of March, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE