UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21145-GAYLES

**NATHANIEL WAUGH, MARCUS WAUGH,
and VERLEY WAUGH,**
         **Plaintiffs,**

      v.

**SARASOTA COUNTY SHERIFF OFFICE,**
         **Defendant.**
_____/

## ORDER DISMISSING AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Nathaniel Waugh ("Nathaniel"), appearing *pro se*,[1] filed a Complaint in this action on March 28, 2017 [ECF No. 1]. The Court entered an Order dismissing the Complaint on that day, finding that it failed to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court granted Nathaniel leave to file an amended complaint by April 28, 2017. On April 11, 2017, Nathaniel filed a document titled "Amended Tort Complaint" [ECF No. 7], which appears to be a form tort complaint for filing in Florida state circuit courts. It asserts a sole claim for negligence under Fla. Stat. § 768.28(2) against the Defendant, the Sarasota County Sheriff's Office.

Independent of its duty under Section 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court is obligated to consider *sua sponte* whether a claim falls within its

---

[1] While the caption again names Nathaniel Waugh, Marcus Waugh, and Verley Waugh as Plaintiffs in this action, Nathaniel alone has signed the Amended Tort Complaint [ECF No. 7]. As a *pro se* litigant, Nathaniel cannot prosecute any claims in federal court on behalf of other persons. *See Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) ("[O]nly licensed lawyers may represent others in court."); *see also* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases ***personally*** or by counsel . . . ." (emphasis added)). Thus, to the extent the Complaint alleges any claim or claims on behalf of Marcus Waugh or Verley Waugh, those claims are dismissed.

subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking.[2] *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Guevara v. Padin*, No. 16-23726, 2016 WL 7188783, at *2 (S.D. Fla. Nov. 9, 2016); *accord* Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainment Gen. Comm. of Adjustment*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least of one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Tradin Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).[3] "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal question jurisdiction exists if the plaintiff's suit "arises under" the "Constitution, laws, or treaties of the United States," and the issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (quoting 28 U.S.C. § 1331). Generally, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10, 13 (1983). Given that the sole claim alleged in the Amended Tort Complaint arises under Florida state law, federal question jurisdiction does not exist.

The statute governing diversity jurisdiction, 28 U.S.C. § 1332(a), requires complete diversity of citizenship between all plaintiffs and all defendants (meaning that all plaintiffs must have citi-

---

[2] Notably, if the Court lacks subject matter jurisdiction over a case, the complaint is also frivolous under Section 1915(e). *See Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).

[3] Nathaniel has not alleged jurisdiction under a specific statutory grant.

zenships different from all defendants) and an amount in controversy of more than $75,000. *See Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 815 F.3d 1293, 1297 n.5 (11th Cir. 2016). Nathaniel alleges that he is a citizen of Florida, and he brings suit against a Florida county sheriff's office. As both parties are citizens of Florida, diversity of citizenship does not exist and, as a result, neither does diversity jurisdiction.

In sum, the Court concludes that it lacks subject-matter jurisdiction over this action. Alternatively, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B)(i) to dismiss the Amended Tort Complaint as frivolous. It is, therefore,

**ORDERED AND ADJUDGED** that the Amended Tort Complaint [ECF No. 7] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff Nathaniel Waugh shall have leave to file a Second Amended Complaint. If he chooses to do so, he must affirmatively allege a basis for *federal* jurisdiction over this action. The Second Amended Complaint must be filed no later than **May 3, 2017**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of April, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE